Chief Judge Fuld
(dissenting). In support of their motion for summary judgment dismissing the complaint, the defendants quote the plaintiff’s admissions - given under ,oath in the course of his pretrial .éxámination, that he “ relied solely ” on alleged private conversations between himself and Joséph Kantor, the deceased partner of the defendant firm, to. establish his cause óf action.. Since such testimony by the plaintiff is inadmissible under CPLR 4519 — the so-called Dead Man’s Statute — and *316 since, so far as the papers before us reveal, there is no showing that other competent evidence will be adduced upon the trial to support the plaintiff’s claim, the conclusion is inescapable that Special Term and the Appellate Division were eminently correct in granting summary judgment to the defendants.
There can be no doubt that the Dead Man’s Statute may be invoked on a motion for summary judgment. Although it is true that CPLR 4519 speaks in terms of ‘ ‘ the trial of an action ’ ’, the courts have consistently and, in my view, correctly decided that evidence inadmissible upon the trial under that statute is likewise unavailable to oppose a motion for summary judgment where “ the record indicates that the only evidence which [the plaintiff] might introduce at the trial would be incompetent and insufficient to defeat judgment for [the defendants].” (Friese v. Baird, 36 A D 2d 727; see, also, Lombardi v. First Nat. Bank of Hancock, 23 A D 2d 713; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 4519.06, p. 45-333.) “If”, in the words of the Weinstein-Korn-Miller treatise (vol. 5, p. 45-334), “the only evidence which can be used to oppose the motion is incompetent and if it is clear that no other evidence can be adduced at trial, there is no point in putting off a decision for the proponent whose evidence — in the absence of the incompetent proof — seems overwhelming.”
As. a matter of fact, the plaintiff failed to produce — even after Special Term had granted him a continuance for that purpose — an affidavit from any witness competent to testify at the trial as to the asserted oral statements made by the decedent. In the words of the Special Term justice, “ [although afforded an opportunity to submit affidavits of persons competent to testify, plaintiff was unable to do so.”
Nor may the plaintiff avoid the strictures of the statute by the very farfetched claim that, at the trial, the witness’ “ ‘ incompetency [may] be waived * * * or the door opened, by design, or by inadvertence ’ ” (opn. of court, p. 314).
The order appealed from should be affirmed.
Judges Burke, Scileppi, Bergan, Jasen and Gibson concur with Judge Bbeitel ; Chief Judge Fuld dissents and votes to affirm in a separate opinion.
Order reversed, etc.